UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANTHONY THOMPSON, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>CRAIG HANKS, )<br>)<br>Respondent. ) | 2:05-cv-254-RLY-WGH |

### Entry Discussing Petition for Writ of Habeas Corpus

Because the habeas petition of Anthony Thompson was not filed within the applicable statute of limitations, the action must be dismissed with prejudice without the merits of the claims in that petition being reached. This conclusion is based on the following facts and circumstances:

1. Thompson seeks relief in this action from his 1995 conviction of burglary and attempted murder in an Indiana state court. His convictions were affirmed on appeal in *Thompson v. State,* 692 N.E.2d 474 (Ind.Ct.App. 1998). The trial court's denial of Thompson's petition for post-conviction relief was affirmed on appeal in *Thompson v. State,* No. 10A01-0407-PC-317 (Ind.Ct.App. June 17, 2005) (unpublished order).

2. Because Thompson's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 .S.C. § 2244(d)(1).

3. Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A) the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thompson's conviction became final for habeas corpus purposes on June 23, 1998, because that was the last date on which he could have sought certiorari review by the United States Supreme Court from the decision on his direct appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

4. The 1-year statute of limitations expired one (1) year later, on June 23, 1999. The habeas petition was filed with the clerk on October 24, 2005. Thompson signed the petition on October 7, 2005, and it is the date he signed the petition which can be considered as the date the petition was "filed." *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). Even so, this was more than six years and three months after the statute of limitations expired.

5. Although it is true that the running of the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) during any time his post-conviction petition was pending in the Indiana courts, *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002), and although it is also true that Thompson filed a post-conviction petition, the habeas statute of limitations expired on June 23, 1999, the post-conviction petition was not filed until November 1, 2001, more than two years and four months after the statute of limitations had expired. The fact that the post-conviction petition was not filed until after the statute of limitations had already expired makes the filing of the action for post-conviction relief irrelevant to the computation which is required. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

6. Thompson does not dispute any aspect of the foregoing computation. However, he attributes his delay in seeking habeas corpus relief to his lack of understanding of legal terminology and his lack of understanding of certain points of Indiana law in particular. These circumstances, however, do not justify his delay. *See Scott v. Johnson,* 227 F.3d 260, 263 n.3 (5th Cir. 2000) ("an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling"). In the analogous context of procedural default context, ignorance of the proper manner in which to appeal the decisions of the trial court does not constitute "cause" for a petitioner's relief from procedural default. *See Henderson v. Cohn,* 919 F.2d 1270, 1272 (7th Cir. 1990) (holding that illiteracy is not cause, citing with approval cases holding that ignorance of the law is not cause); *Rodriguez v. Maynard,* 948 F.2d 648 (9th Cir. 1991) (*pro se* status and lack of awareness and training in the law is not cause). To the extent that Thompson argues for a subjective standard in § 2244(d)(1), that is, the year to file a federal petition begins when a

prisoner actually understands what legal theories are available, the Seventh Circuit has rejected this suggestion. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [petitioner's] case illustrates.").

      7.     "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Thompson has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. Therefore, Thompson's petition for a writ of habeas corpus is **dismissed as untimely.**

      Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date:   03/09/2006